# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**BOBBY CLEVELAND BENNETT**                          **PLAINTIFF**
**#145200**

V.                      NO. 3:24-cv-44-DPM-ERE

**B.J. CARTER,** *et al.*                                         **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections**

This Recommendation has been sent to United States District Judge D.P. Marshall Jr. You may file objections if you disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and include the factual or legal basis for the objection.

Objections must be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Marshall can adopt this Recommendation without independently reviewing the record.

**II.**     **Background**

*Pro se* plaintiff Bobby Bennett, an inmate at the Poinsett County Detention Center, filed this civil rights lawsuit under 42 U.S.C. § 1983. *Doc. 2*. He is proceeding in forma pauperis. *Doc. 3*.

Mr. Bennett alleges that, while in a detox cell awaiting a sick call, he was housed with another inmate who coughed all night and then acted like he was about

to hit Mr. Bennett with a cane. Mr. Bennett sues Administrator B.J. Carter, Lieutenant Regina Hindman, Sergeant Tabitha Simons, and C.O. Amanda McCorkle in both his or her individual and official capacity seeking injunctive relief.

For the reasons explained below, Mr. Bennett' claims should be dismissed for failure to state a plausible constitutional claim for relief.

### III.  Discussion

####   A.  Standard

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

In deciding whether Mr. Bennett has stated a plausible claim for relief under § 1983, the Court must determine whether the allegations in the complaint, which are presumed true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of

undisclosed facts' to support recovery." *Id.* at 561 (citation omitted). Rather, the facts set forth in the complaint must "nudge [the] claims across the line from conceivable to plausible." *Id.* at 570.

### B. Mr. Bennett's Allegations

Mr. Bennett alleges that, while he was awaiting a sick call, he was placed in a cell with two other inmates. The first inmate had a cane, the second a crutch. The first inmate coughed and spit all night, disturbing Mr. Bennett. When Mr. Bennett confronted him the next morning, he moved as if to hit Mr. Bennett with his cane. Mr. Bennett reacted by snatching the second inmate's crutch and hitting the first inmate. *Doc. 2 at 4-5*. Mr. Bennett asks that Defendants "fix this problem" so that no one else will "be treated this way ever again." *Id. at 6*.

### C. Failure to Protect

The Eighth Amendment requires prison officials to protect convicted prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).

To state a claim that a defendant violated his right to protection, Mr. Bennett must allege facts sufficient to show that: (1) objectively, he was incarcerated under conditions posing a substantial risk of serious harm; and (2) subjectively, each defendant was "deliberately indifferent" to that risk. *Schoelch v. Mitchell*, 625 F.3d 1041, 1046 (8th Cir. 2010) (quoting *Farmer*, 511 U.S. at 834). "The second

requirement is a subjective test; a defendant must be 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id.* (quoting *Farmer*, 511 U.S. at 837). Deliberate indifference describes a state of mind "akin to criminal recklessness." *Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021) (quoting *Vaughn v. Gray*, 557 F.3d 904, 908 (8th Cir. 2009)). "This onerous standard requires a showing 'more than negligence, more even than gross negligence,' but less than "purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate[.]" *Thompson v. King*, 730 F.3d 742, 747 (8th Cir. 2013) (quoting *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 499 (8th Cir. 2008) (first quote) and *Schaub v. VonWald*, 638 F.3d 905, 914–15 (8th Cir. 2011) (second quote)).

Particularly relevant to Mr. Bennett's claims, "threats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm." *Prater v. Dahm*, 89 F.3d 538, 541 (8th Cir. 1996). And an "official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838.

In addition, an inmate's general fear for his safety is insufficient to establish that a defendant acted with deliberate indifference to a substantial risk of serious harm. *Robinson v. Cavanaugh*, 20 F.3d at 895 (an inmate's complaints regarding a

4

"general fear for his safety" do not establish that a defendant "acted with deliberate indifference by not placing him in protective custody."); *Jones v. Wallace*, 641 Fed. Appx. 665 (8th Cir. 2016) (unpublished) (a general fear of another inmate is not sufficient to put guards on notice of a specific threat or danger).

Mr. Bennett fails to allege facts to suggest that: (1) any particular inmate at the Poinsett County Detention Center posed a specific, *substantial* risk to his safety; (2) any named Defendant was aware of a specific threat posed to Mr. Bennet; (3) any named Defendant knew of but ignored a specific threat to Mr. Bennett's safety; (4) any named Defendant failed to take reasonable steps to protect him; or (5) he suffered any harm as a result of the incident.[1]

The Complaint fails to allege sufficient to state a plausible failure-to-protect claim.

D.   **Conditions of Confinement**

To the extent that Mr. Bennett argues that the conditions of his confinement were unconstitutional, this too fails. To plead a plausible Eighth Amendment inhumane conditions of confinement claim, Mr. Bennett must allege facts demonstrating that: (1) objectively, he suffered an "extreme deprivation" that was

---

[1] Additionally, Mr. Bennett fails to allege that he has been attacked or physically harmed since he has been housed at the Poinsett County Detention Center. Rather, he thwarted a would-be, spontaneous attack from a man with a cane. *Kellensworth v. Norris*, 221 F.3d 1342, *1 (8th Cir. 2000) (holding that a prisoner failed to state a claim because he was not actually harmed by being housed with a prisoner he feared).

"sufficiently serious" enough to deny him "the minimal civilized measure of life's necessities," or to pose "a substantial risk of serious harm" to his health or safety; and (2) subjectively, Defendants were deliberately indifferent to the risk of harm posed by the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Mr. Bennett does not allege that any of the named Defendants either: (1) denied him any of life's necessities; or (2) disregarded an excessive risk to his health or safety. His complaint that he was temporarily housed with an inmate who tried to hit him with a cane falls well short of alleging that he suffered an extreme deprivation even arguably violating his constitutional rights. Mr. Bennett has failed to state a plausible constitutional claim regarding his alleged unconstitutional conditions of his confinement.

## IV. Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Bennett's complaint be DISMISSED, without prejudice, for failure to state a plausible claim for relief.

2. The Clerk of the Court be instructed to close this case.

3. The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

Dated 26 March 2024.

*[signature]*
UNITED STATES MAGISTRATE JUDGE